## PEOPLE v. SAMWICK.

(Supreme Court, Appellate Division, Second Department.   June 5, 1908.)

1. INFANTS—CUSTODY AND PROTECTION—PROTECTION OF MORALS—CRIMINAL PROSECUTIONS—EVIDENCE.

Pen. Code, § 290, provides that a person who admits to, or allows to remain in, any dance house, museum, etc., or any place of entertainment injurious to the health or morals, any child under the age of 16, unless accompanied by a parent or guardian, is guilty of a misdemeanor. Defendant, who owned and operated a moving picture show, was charged with admitting and allowing to remain therein two boys under the age of 16. Held that, there being no evidence that defendant's place of entertainment was injurious to the health or morals of children, or that the children in question were unaccompanied by parent or guardian, a conviction should be reversed.

2. SAME—"GUARDIAN."

Under Pen. Code, § 290, making it a misdemeanor to admit children under 16 years of age to, or allow them to remain in, any place of entertainment injurious to health or morals, etc., unless accompanied by parent or guardian, the word "guardian" does not mean a guardian appointed by the court; and if children be sent or taken to a place of en-

tertainment by a person other than their parents or legal guardian, such as elder brother or sister, or a neighbor or friend, he or she is their guardian for the time being within the statute, unless excluded for some reason by law.

[Ed. Note.—For other definitions, see Words and Phrases, vol. 4, pp. 3186–3187; vol. 8, p. 7676.]

Appeal from Court of Special Sessions, Borough of Brooklyn.

Harry Samwick was convicted of violating the statute prohibiting any one from allowing minors of a certain age in places of entertainment injurious to the morals of children, and he appeals. Reversed.

Argued before WOODWARD, HOOKER, GAYNOR, RICH, and MILLER, JJ.

John F. Harrington, for appellant.
Peter P. Smith, for respondents.

GAYNOR, J. The defendant was convicted under an information of the district attorney charging him with violating section 290 of the Penal Code, by admitting two minor boys, one of the age of 14 years and the other of the age of 7, to "a place of entertainment" kept by him, and "injurious to the health and morals of minor children," and allowing them to remain there. Although there was no evidence that the place was injurious to health or morals, but on the contrary it was shown to be innocent, the defendant was convicted, apparently under the notion that police courts may be better than the law, and a law unto themselves. There was no other charge against the defendant. The part of the said section of the Penal Code applicable is as follows:

"A person who admits to, or allows to remain in, any dance house, concert saloon, theater, museum, skating rink, or in any place where wines or spirituous or malt liquors are sold or given away, or in any place of entertainment injurious to health or morals, owned, kept or managed by him in whole or in part, any child actually or apparently under the age of sixteen years, unless accompanied by parent or guardian, is guilty of a misdemeanor."

Nothing but moving pictures were shown in the defendant's place. It was not any of the places mentioned by the said statute, unless it comes under the head of a museum, which would seem doubtful, to say the least, if the definition of that word be adhered to to any extent. But it is enough that the defendant was not convicted on any such charge. Nor does the evidence show that the children were unaccompanied by "parent or guardian," to use the phrase of the statute. The word "guardian" does not there mean a guardian appointed by a court. If children be sent or taken to the theater by a person other than one of their parents or their legal guardian—by their elder brother or sister, or by a neighbor or friend, for instance—he or she is their guardian for the time being within the meaning of the said statute, if not excluded in some way or for some reason by law. Courts and police officials should not strain criminal statutes, or try to be better in the administration of the law than the law itself is.

The judgment should be reversed.

Judgment of the Court of Special Sessions reversed, and defendant discharged. All concur.