ber 11, 1908.) Joe Polito was convicted of crime, new trial was denied, and he appeals. Affirmed.

PER CURIAM. Judgment of conviction affirmed.

SPRING, J. (dissenting). The defendant was convicted of assault in the second degree in shooting one Cariola, his cousin. There was a sharp question of fact on the trial, and the evidence justified the verdict, although the proof did not disclose any motive for the assault. Later a motion for new trial was made on the ground of newly-discovered evidence. Several affidavits were presented on this motion in behalf of the defendant. If the affidavits' upon which the motion was based are to be relied upon, the defendant did not shoot Cariola. Daprile and Maglio, two of the affiants, state distinctly that the crime was committed by an Italian named Raimondo, who was personally known to the affiants, who were close enough to the transaction to identify the man who committed the crime; and they completely exonerate the defendant, if their story is correct, and they recount in detail the circumstances of the shooting. Ledata, one of these affiants, tends to exculpate Polito, the defendant, as does Ange, the other witness. Each of these men gives his residence. Daprile states that he had been arrested for shooting birds and was acquitted on a trial before Justice Benton, so that the district attorney knew whether such a man was in existence. It would have been very easy for the district attorney to ascertain whether the other witnesses were myths; yet for some reason no opposing affidavit was presented to the county judge on the motion for a new trial on the ground of newly-discovered evidence. We must therefore assume that these men were testifying to the truth, or at least are honest in their narration. If so, this defendant has been improperly convicted. It is also to be noted that Cariola states distinctly that the defendant was not the man who shot him. I do not think a rigid, technical rule should be adopted in an application of this kind, where a man has been convicted of a grievous crime. It does not seem to me to be a fair deduction from the affidavits that these men would not testify to these facts before a jury. As already stated, each man gives his residence, has been in this country some time, and particularly recites all the facts observed by him in regard to the shooting of Cariola. It is not necessary, it seems to me, for him to add that he will appear and testify to these facts. He is a resident of the city and can be produced on the trial. I therefore vote for reversal of the order denying the application for new trial on the ground of newly-discovered evidence, and for the granting of the motion.

PEOPLE, Respondent, v. QUIGLEY et al., Appellants. (Supreme Court, Appellate Division, Second Department. October 9, 1908.) Proceedings by the people of the state of New York against John C. Quigley and another. No opinion. Judgment of the County Court of Kings county affirmed.

PEOPLE, Respondent, v. SACOAMMANO, Appellant. (Supreme Court, Appellate Division, Fourth Department. October 7, 1908.) Proceedings by the people of the state of New York against Giovanni Sacoammano. No opinion. Judgment affirmed.

PEOPLE, Respondent, v. SAMWICK, Appellant. (Supreme Court, Appellate Division, Second Department. October 22, 1908.) Proceedings by the people of the state of New York against Harry Samwick. No opinion. Motion denied. See, also, 127 App. Div. 209, 111 N. Y. Supp. 11.

PEOPLE v. VERASANO. (Supreme Court, Appellate Division, First Department. October 30, 1908.) Proceedings by the people of the state of New York against Adeline Verasano. No opinion. Motion granted. Order filed.

PEOPLE v. WILLIAMSBURGH TRUST CO. In re UNITED STATES FIDELITY & GUARANTY CO. (Supreme Court, Appellate Division, Third Department. September 17, 1908.) Proceedings by the people of the state of New York against the Williamsburgh Trust Company. In the matter of the petition of the United States Fidelity & Guaranty Company to have fund on deposit with the Williamsburgh Trust Company declared a preference, and for repayment of same under section 158 of the Banking Law (Laws 1892, p. 1911, c. 689). No opinion. Order affirmed, with $10 costs and disbursements.

PEOPLE ex rel. A. LESCHEN & SONS, Appellant, v. BRADY et al., Respondents. (Supreme Court, Appellate Division, First Department. November 6, 1908.) Proceedings by the people of the state of New York, on the relation of A. Leschen & Sons, against John J. Brady and others. H. C. Smyth, for appellant. D. Rumsey, for respondents.

PER CURIAM. Order affirmed, with costs and disbursements. Order filed.

INGRAHAM and McLAUGHLIN, JJ., dissent.

PEOPLE ex rel. ARNOLD, Respondent, v. SKENE, State Engineer, Appellant. (Supreme Court, Appellate Division, Fourth Department. September 30, 1908.) Proceedings by the people of the state of New York, on the relation of Peter Arnold, against Frederick Skene, state engineer, etc. No opinion. Order affirmed, with $10 costs and disbursements.

PEOPLE ex rel. BROWNELL, Respondent, v. BOARD OF ASSESSORS OF CITY OF BUFFALO, Appellant. (Supreme Court, Appellate Division, Fourth Department. July 24, 1908.) Proceedings by the people of the state of New York, on the relation of Wm. C. Brownell, against the board of assessors of the city of Buffalo. No opinion. Motion for leave to appeal to Court of Appeals granted, and questions for review certified. See 111 N. Y. Supp. 924.

PEOPLE ex rel. CAPEN v. MAXWELL et al. (Supreme Court, Appellate Division, Second Department. October 9, 1908.) Proceedings by the people of the state of New York, on the re-